IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. _____

| | |
|---|---|
| DARRYL D. THOMPSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **NOTICE OF REMOVAL** |
| BOYD MANAGEMENT, INC. and CAHEC MANAGEMENT, INC., | ) 28 U.S.C. §§ 1332, 1441 & 1446<br>)<br>) |
| Defendants. | )<br>)<br>) |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Defendants Boyd Management, Inc. ("Boyd") and CAHEC Management, Inc. ("CAHEC") (collectively "Defendants"),[1] in accordance with the requirements of 28 U.S.C. § 1446, hereby give notice and remove to this Court the civil action bearing the Case No. 22-CVS-000703, which is now pending in the General Court of Justice, Superior Court Division, Harnett County, North Carolina. This action is being removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this Notice of Removal, Defendants show the Court:

---

[1] In addition to Boyd and CAHEC, in his Complaint, Plaintiff purports to allege a claim for negligent infliction of emotional distress against an individual named Kathy Porter who he describes as a district manager. (Ex. 1A. Compl. ¶¶ 56-58). Despite these allegations, Ms. Porter is not listed as a defendant in the case caption or in the opening paragraphs of the Complaint where all other defendants are listed. Additionally, no summons has been issued naming Ms. Porter as a defendant nor has Ms. Porter been served with any summons or complaint in this action. As a result, Ms. Porter should not be considered a defendant in this matter. But even if she had been properly named as a defendant and served with process that would not impact this removal because she is a citizen and resident of the State of South Carolina.

1. Plaintiff initiated this action in the General Court of Justice, Superior Court Division, Harnett County, North Carolina, Civil Action No. 22-CVS-000703, on April 14, 2022.

2. The Summons and Complaint were served on CAHEC by the Wake County Sheriff's Office on April 28, 2022. By letter dated May 10, 2022, the North Carolina Secretary of State notified Boyd that the Service of Process Section of the Department of the Secretary of State had been served with the Summons and Complaint on May 6, 2022 and that service on Boyd would be effective as of that date under North Carolina law. Complete copies of all process, pleadings, and orders served upon CAHEC and Boyd are attached as **Exhibit 1A** and **Exhibit 1B,** respectively, to this Notice of Removal. These documents constitute the pleadings to date. Attached as **Exhibit 2** and **Exhibit 3** are the Civil Cover Sheet and Supplemental Removal Cover Sheet as required by Local Rule 5.3.

3. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days of Defendant CAHEC's receipt of the Summons and Complaint and within thirty (30) days of the date on which the North Carolina Secretary of State notified Boyd that it had been served on Boyd's behalf.

4. Both Defendants join in removal of this action to this Court.

## DIVERSITY JURISDICTION EXISTS

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Boyd. The citizenship of CAHEC must be disregarded for purposes of 28 U.S.C. § 1441(b) because it is improperly joined as a defendant in this action.

6. Defendants are informed and believe that Plaintiff is, and was at the time this action commenced, a citizen and resident of Johnston County, North Carolina. (Ex. 1A, Compl. ¶ 6).

7. Boyd is organized and incorporated under the laws of the State of South Carolina and maintains its principal place of business in Columbia, South Carolina where its headquarters are located and from where its officers direct, control, and coordinate Boyd's activities. Accordingly, Boyd is not a citizen of North Carolina for diversity jurisdiction purposes. *See The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8. Although CAHEC is incorporated under the laws of the State of North Carolina and maintains its principal place of business in Raleigh, North Carolina, its North Carolina citizenship does not preclude removal because Plaintiff improperly joined CAHEC in this action. 28 U.S.C. § 1441(b) states that a civil action "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the state in which such action is brought" (emphasis added). If a defendant has been improperly or fraudulently joined, the citizenship of that party is disregarded for purposes of determining diversity and applying § 1441(b). *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("[Fraudulent joinder doctrine] effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse defendants, and thereby retain jurisdiction.").

9. Fraudulent or improper joinder is established by showing either: (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *AIDS Counseling and Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (internal citations omitted).

10.     Under these standards, CAHEC was improperly joined in this action by Plaintiff because there is no possibility that Plaintiff will be able to establish a cause of action against CAHEC in state court.

11.     Plaintiff alleges that Defendants were Plaintiff's employers under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §§ 143-422.1 to 143-422.3, and that Defendants violated the Act by terminating his employment on April 22, 2019. (Ex. 1A, Compl. ¶¶ 36, 43, 48-55). But Plaintiff simultaneously admits that CAHEC was not formed and did not register as a domestic corporation with the North Carolina Secretary of State until October 31, 2019, six months after the date Plaintiff alleges his employment with Boyd ended. (Ex. 1A, Compl. ¶ 13). Furthermore, Plaintiff claims that CAHEC did not acquire Boyd until October 1, 2020, a year-and-a-half after Plaintiff alleges his employment was terminated. (Ex. 1A, Compl. ¶ 14). Based on Plaintiff's own allegations, CAHEC was not and could not have been Plaintiff's employer.

12.     Plaintiff's allegations that CAHEC acquired Boyd on October 2020 and that CAHEC and Boyd "were *de facto* merged" does not transform CAHEC into a proper defendant because "an asset purchase does not create successor liability in the purchasing corporation under North Carolina law" and the *de facto* merger doctrine has never been adopted or applied by a North Carolina court in this context. (Ex. 1A, Compl. ¶¶ 14, 17); *Atwell v. DJO, Inc.*, 803 F.Supp.2d 369, 371-72 (E.D.N.C. 2011) (quoting *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 792, 561 S.E.2d 905, 909 (2002) (granting successor corporation's motion to dismiss where plaintiff failed to allege facts supporting an exception to the general rule against successor liability and refusing to apply the "de facto merger doctrine" because "[n]o North Carolina decision has applied the de facto merger doctrine")); *see also Bell v. Am. Int'l Indus.*, No 1:17-CV-111, 2021 WL

326959, at *4 (M.D.N.C. July 30, 2021) ("[T]he de factor merger doctrine has never been applied in North Carolina Court."); *Evans v. McKinley Med., L.L.C.*, No. 5:09–CV–477, 2011 WL 902024, at *3 (E.D.N.C. Mar. 14, 2011) (holding that "when a corporation purchases all, or substantially all, of the assets of another corporation, the purchasing corporation is generally not liable for the selling corporation's debts or liabilities"); *Leonard v. Bed, Bath & Beyond, Inc.*, No. 5:15-CV-00284, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016) (dismissing claims against successor corporation that came into corporate existence months after the plaintiff's injuries occurred and concluding that the successor corporation's alleged use of the predecessor corporation's name brand, employees, customers, facility, and equipment, and the predecessor and successor corporation's alleged retention of identical management personnel, merely "describe[d] a run-of-the-mill sale of a business's assets—not the type of unusual transaction that would give rise to successor liability").

13. Boyd and CAHEC are not the same entity. CAHEC purchased the assets of Boyd but, in doing so, did not assume any of Boyd's liabilities with respect to its former employees. Following the asset purchase, there is and was no common ownership between CAHEC and Boyd and Boyd was not discontinued or liquidated. Instead, Boyd remains a viable entity with its own assets, bank account, and insurance that is incorporated in the State of South Carolina.² Boyd

---

² This Court may take judicial notice of the business filings demonstrating that Boyd has existed as a corporate entity in good standing incorporated in South Carolina since February 29, 1998. *See Sec. of State for Defence v. Trimble Navigation, Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (concluding a court "may properly take judicial notice of matters of public records"); *Dalenko v. Stephens*, 917 F.Supp.2d 535, 538 n.2 (E.D.N.C. 2013) (explaining that "a court may take judicial notice of matters of public record"); *Hill v. Se. Reg'l Med. Ctr.*, No. 7:19-CV-60, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019) (taking judicial notice of Secretary of State business records); *Cap. Assoc'd Indus., Inc. v. Cooper*, 129 F. Supp. 3d 281, 288 n.3 (M.D.N.C. 2015) (taking sua sponte judicial notice of Plaintiff's corporate existence); *McCormick v. Wright*, No. 2:10–cv–00033, 2010 WL 565303, at *2 n.5 (D.S.C. Feb. 17, 2010) (concluding that a court "may take notice of factual information located in postings on government websites").

makes and has made all required corporate filing consistent with its status as a South Carolina corporation. *See* **Exhibit 4**.

14. N.C. Gen. Stat. § 143-422.2 sets forth the State's public policy to protect the rights of all persons to "seek, obtain, and hold employment without discrimination or abridgment . . . *by employers* . . . ." In a wrongful discharge action based on the public policy stated in this statute, only the plaintiff's employer may be held liable. *See Sides v. Duke Univ.*, 74 N.C. App. 331, 328 S.E.2d 818 (1985), *overruled on other grounds by Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 429 S.E.2d 420 (1997); *see also Hicks v. Robeson Cnty.*, No. 7:98–CV–105, 1998 WL 1669080, at *6 (E.D.N.C. Oct. 15, 1998) ("Only an employer has the ability to discharge an employee. Consequently, to bring a wrongful discharge action, a plaintiff must show that an employer-employee relationship existed between himself and the defendants."); *Holland v. Compass Grp. USA, Inc.*, No. 3:14–CV–62, 2014 WL 4384380, at *3 (W.D.N.C. Sept. 4, 2014) (dismissing plaintiff's wrongful termination claim because defendant was not plaintiff's employer and explaining that "[a]bsent some allegation that he was employed by [defendant], Plaintiff cannot maintain a claim for wrongful termination in violation of public policy against [defendant]"). Here, the Complaint fails to state a claim for wrongful discharge against CAHEC because the alleged wrongful termination occurred on April 22, 2019 but CAHEC was not formed until six months later and CAHEC cannot be held liable as a successor for Plaintiff's claims against Boyd. CAHEC was not Plaintiff's employer at the time of Plaintiff's termination of employment and did not later become Plaintiff's employer as the result of purchasing Boyd's assets.

15. Thus, because Plaintiff cannot succeed on her claim against CAHEC, CAHEC was improperly joined as a defendant in this lawsuit and Plaintiff's attempt to add it as a defendant

does not prevent this action from being removed to this Court. As a result, complete diversity exists between the properly joined parties in this action.

16. In addition to diversity of citizenship, Plaintiff alleges damages in his Complaint that meet or exceed the amount in controversy requirement set forth in 28 U.S.C. § 1332. Plaintiff asserts North Carolina state law claims for Wrongful Discharge in Violation of Public Policy and Negligent Infliction of Emotional Distress. (Ex. 1A, Compl. ¶¶ 48-67). Plaintiff seeks actual, compensatory, and punitive damages the aggregate value of which exceed seventy five thousand dollars ($75,000.00). (Ex. 1A, Compl. ¶¶ 53, 58, 67, 71). Under North Carolina law, Plaintiff may recover punitive damages of $250,000 or three times the amount of compensatory damages awarded, whichever is greater. N.C.G.S. § 1D-25(b). That amount alone exceeds the amount in controversy requirement. *See Chek v. State Farm Fire and Cas. Co.*, No. 5:13-CV-378, 2014 WL 12680676, at *3 (E.D.N.C. March 17, 2014) ("In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy.") (internal quotations and citations omitted); *see also Crespo v. Delta Apparel, Inc.*, No. 5:07CV65, 2008 WL 2986279, at *3 n. 6 (W.D.N.C. July 31, 2008) (explaining that a "[pl]aintiff may also be entitled to punitive damages if able to demonstrate a wrongful discharge in violation of public policy") (citing *Roberts v. First Citizens Bank & Trust Co.,* 124 N.C. App. 713, 715, 478 S.E.2d 809, 810 (1996)).

## **REMOVAL IS OTHERWISE PROPER**

17. In view of the above facts, this is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is, therefore, one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this District embraces the place where the removed state court action is pending.

19. Consistent with 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendants served upon Plaintiff a Notice of Removal to State Court, and mailed the same to the Clerk of Superior Court, Harnett County, North Carolina, for filing with a copy of this Notice.

WHEREFORE, Defendants pray that further proceedings in the Superior Court of Harnett County, North Carolina, be discontinued and that this action be removed to the United States District Court for the Eastern District of North Carolina, and that the Court assume full jurisdiction of this action as provided by law.

Respectfully submitted this 31st day of May, 2022.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Michael D. McKnight
Michael D. McKnight (N.C. Bar No. 36932)
Savannah M. Singletary (N.C. Bar No. 58082)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: Michael.Mcknight@ogletree.com
E-mail: Savannah.Singletary@ogletree.com

*Attorneys for Defendants*

# CERTIFCATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system and that the undersigned has served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail addressed to:

> Lee Tart Malone
> Tart Law Group, P.A.
> 700 West Broad Street
> Dunn, NC 28334

This the 31st day of May, 2022.

> OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
>
> /s/ Michael D. McKnight
> Michael D. McKnight (N.C. Bar No. 36932)
> Savannah M. Singletary (N.C. Bar No. 58082)
> 8529 Six Forks Road
> Forum IV, Suite 600
> Raleigh, North Carolina 27615
> Telephone: 919.787.9700
> Facsimile: 919.783.9412
> Email: Michael.Mcknight@ogletree.com
> E-mail: Savannah.Singletary@ogletree.com
>
> *Attorneys for Defendants*