# Exhibit 1A

DEFENDANT COPY

# STATE OF NORTH CAROLINA

_____ HARNETT _____ County

File No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>DARRYL D. THOMPSON | |
| *Address*<br>c/o Lee Tart Malone, Tart Law Group, P.A. | **CIVIL SUMMONS** |
| *City, State, Zip*<br>700 W. Broad St., Dunn, NC 28334 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>BOYD MANAGEMENT, INC. AND<br>CAHEC MANAGEMENT, INC. | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| CAHEC Management, Inc.<br>By and through its Registered Agent<br>Dana S. Boole<br>7700 Falls of Neuse Road, Suite 200, Raleigh NC 27615 | |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been
served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Lee Tart Malone<br>TART LAW GROUP, P.A.<br>700 West Broad Street<br>Dunn, NC 28334 | *Date Issued*<br>1-14-2022 | *Time*<br>4:47 ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Theresa Crow | |
| | ☒ *Deputy CSC* | ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated<br>above and returned not served. At the request of the plaintiff,<br>the time within which this Summons must be served is<br>extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ *Deputy CSC* | ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or
less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if
so, what procedure is to be followed.*

(Over)

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received   APR 2 5 2022 | Name Of Sheriff (type or print)   GERALD M. BAKER, SHERIFF |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA ~~FILED~~ IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF HARNETT FILE NO.: _____

2022 APR 14 P 4: 49

HARNETT CO., C.S.C.

DARRYL D. THOMPSON, Employee, **COMPLAINT**

Plaintiff Wrongful Termination of Employment
And Negligent Emotional Distress

vs.

BOYD MANAGEMENT, INC. and Jury Trial Requested
CAHEC MANAGEMENT, INC.,

Defendants.

## Introduction

1. Plaintiff, a maintenance technician, alleges that his squamous cell carcinoma of the left tonsil with extension to the nasopharynx rendered him handicapped, and that Defendants terminated his employment because of his condition, thus violating the public policy set out in N.C. Gen. Stat. §143-422.2(1999).

2. Plaintiff seeks damages and other relief under the common law of North Carolina.

## Jurisdiction

3. The North Carolina common law authorizes his wrongful discharge claim.

## Venue

4. Plaintiff's place of employment when discharged was in the City of Dunn, Harnett County, North Carolina.

5. Defendants committed the alleged unlawful employment practices in Harnett County, North Carolina.

## Parties

6. Plaintiff, Darryl D. Thompson, is a resident of Johnston County, North Carolina.

7. Plaintiff was an at-will employee of Defendants, Boyd Management, Inc. and CAHEC Management, Inc.

8. At all times relevant herein, Defendants employed the following persons, all of whom acted within the course and scope of their employment and agency on behalf of Defendants:
   a. Don Messer, District Manager
   b. Wanda Buczkowski, HR Manager
   c. Kathy Porter, District Manager
   d. Royce Bratton, Manager

1

9. Defendants were, during all relevant times herein, engaged in business in Harnett, Johnston, and other counties in the State of North Carolina.

10. At all times relevant hereto, Defendants employed more than fifteen (15) employees.

11. Upon information and belief, Plaintiff alleges that during all relevant times giving rise to this claim the Defendant Boyd Management, Inc. (BMI) was registered as a foreign corporation with the North Carolina Secretary of State (SOSID: 0469184):
    Date formed 8/28/1998; Registered Agent: Wheat, Kenneth;
    Registered Office & Registered Mailing Address: 1005 Georgetown Rd Ext., Lincolnton, NC 28092-7733;
    Principal Office: 7700 Trenholm Road, Columbia, SC 29223-1724;
    Mailing: PO Box 23589, Columbia, SC 29224-3589.

12. Upon information and belief, Plaintiff alleges that during all relevant times giving rise to this claim, the officers of Defendant BMI were as follows:
    President: Kenneth R. Wheat;
    Vice President: Barbara Jaco;
    Vice President/Treasurer: Joseph P. Wilczewski;
    All addresses same as principal office.

13. Upon information and belief, Plaintiff alleges that during some relevant times giving rise to this claim; the Defendant CAHEC Management, Inc. (CMI) is registered as a domestic corporation with the North Carolina Secretary of State (SOSID: 1911596):
    Date formed 10/31/2019; Registered Agent: Boole, Dana S.;
    Mailing, Principal Office, Reg. Office, and Reg. Mailing: 7700 Falls of Neuse Road, Suite 200, Raleigh, NC 27615.

14. Upon information and belief, Plaintiff alleges "BMI was acquired by CAHEC on October 1, 2020 and is now CAHEC Management, Inc. (CMI)."

15. Upon information and belief, Plaintiff alleges that Defendants manage Sand Hill Apartments (Dunn) Harnett County, Four Oaks Village (Four Oaks) Johnston County, Austin Manor (Smithfield) Johnston County, Hillmont Village Apartments (Micro) Johnston County, and multiple other properties throughout North Carolina.

16. Upon information and belief, Plaintiff alleges Defendants caused or allowed internet posting of the following:

    (1) That "Boyd Management will legally change its name to CAHEC Management, Inc., but beyond that, both companies will continue business as usual with no significant operational changes;"

    (2) That "CAHEC Management, Inc. will be locally led by Vice Presidents Babbie Jaco and Joe Wilczewski who – along with their partner Ken Wheat – successfully grew and lead the organization since the mid-1980s," and

    (3) That "@boyd.com" is the email addresses for twenty-seven listed North Carolina BMI/CMI properties.

2

17. Upon consideration of the above posting, and it further appearing that the principals of BMI and CMI are the same, Plaintiff, upon information and belief, alleges BMI and CMI are one and the same entity, or that CMI was doing business as BMI, or the two were engaged in a joint venture, or were *de facto* merged.

## Statement of Facts

18. On or about April 22, 2019, Plaintiff was fired by District Manager Kathy Porter.

19. Plaintiff had been employed as a Maintenance Technician by the Defendants since about April 2016.

20. On or about January 17, 2019, Plaintiff informed his district manager, Don Messer, and HR Manager Wanda Buczkowski of his diagnosis of a serious health condition.

21. On or about January 23, 2019, UNC Rex Hematology Oncology Associates East Raleigh initiated Plaintiff's care for squamous cell carcinoma of the left tonsil with extension to the nasopharynx.

22. On or about January 29, 2019, Plaintiff provided Defendants with documentation from his physician listing the potential side effects of receiving concurrent chemotherapy and radiation treatments, including pain, fatigue, nausea, and other complications.

23. Plaintiff's treatment plan included:

    a. Plaintiff treated with chemoradiation therapy for seven (7) weeks in February and March 2019.

    b. Specifically, he underwent chemoradiation therapy from February 20, 2019 until April 9, 2019.

    c. Plaintiff also received concurrent radiation from February 19, 2019 until April 12, 2019.

    d. Plaintiff was also treated at the Department of Otolaryngology/Head and Neck Surgery UNC Hospitals for complications post initial treatment;

    e. Plaintiff was treated for advanced and recurrent head and neck cancer beginning on or about January 2019 and extending until on or about August 2019.

    f. The treatment the Plaintiff received routinely causes difficulty in eating, and significant fatigue and malaise;

    g. Plaintiff is informed, believes, and alleges the illness and treatment impaired his ability to do his job as well as he did prior to onset of his disability.

24. Defendants were aware of or should have been aware of the handicap or disabling affliction and treatment necessitated thereof outlined in the foregoing paragraphs.

25. Plaintiff timely notified his supervisor that his cancer and treatment would cause significant fatigue, malaise, and difficulty eating.

26. Defendants' management team knew the Plaintiff would experience pain and fatigue following each treatment.

3

27. Defendants knew or should have known that Plaintiff's handicap would require flexibility in scheduling for doctor appointments, treatments, and Plaintiff's rest and recuperation.

28. Defendants' supervisors instructed Plaintiff to do what he could and try to work enough hours to pay for the cost of his insurance.

29. Plaintiff continued to work while receiving chemotherapy and radiation treatments.

30. On or about April 18, 2019, Plaintiff told other technicians about his disability and ongoing medical treatment that he had experienced earlier that day.

31. On or about April 18, 2019, Plaintiff, experiencing fatigue, sat down in the office to regain his strength.

32. Kathy Porter then rushed into the office and demanded to know what he was doing.

33. Kathy Porter also made offensive remarks concerning Plaintiff's disability.

34. Plaintiff continued work on that day (Thursday) and on Friday.

35. The following Monday, April 22, 2019, Plaintiff was directed to attend an afternoon meeting with Kathy Porter and Royce Bratton, a District Manager.

36. On April 22, 2019, at the Monday afternoon meeting, Plaintiff was wrongfully discharged.

37. Upon information and belief, Kathy Porter had previously made unsupported, and unfavorable reports about Plaintiff.

38. Because of the Defendants' actions, the Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, and humiliation.

39. Plaintiff was doing all he could, as instructed by his supervisor, but nevertheless, Defendants terminated his employment.

40. Defendants' turnover in supervising personnel during the relevant period contributed to miscommunication, misunderstanding, and their failure to understand or appreciate the Plaintiff's disability herein referenced.

41. Defendants' unreasonable rejection of Plaintiff's representation of his serious health condition and unreasonable acceptance of misinformation from Defendants' agents and employees caused Defendants' interference and restraint of Plaintiff's rights under EEPA.

## Violation of The N. C. Equal Employment Practices Act

42. All prior allegations in this complaint are realleged herein.

43. Defendants were Plaintiff's employer within the meaning of the Equal Employment Practices Act, N.C. Gen. Stat. §§143-422.1 to 143-422.3 (EEPA).

44. Plaintiff was an eligible employee with a handicap (disability) under the terms of the EEPA.

45. Plaintiff was denied leave under FMLA.

46. Defendants interfered with Plaintiff's protection under the EEPA.

47. The North Carolina Equal Employment Act (and other state statutes) make it illegal for an employer to discriminate based on disability.

4

## Wrongful Discharge (WDPP)

48. All prior allegations in this complaint are realleged herein.

49. Public policy entitles Plaintiff rights under the Equal Employment Practices Act free of Defendants' interference, harassment, and especially free from wrongful discharge.

50. Defendants wrongfully discharged the Plaintiff.

51. Defendants' acts constitute wrongful discharge in violation of public policy.

52. Defendants' acts and omissions entitle Plaintiff reinstatement to his former position.

53. Defendants' acts and omissions entitled Plaintiff to recover from Defendants as follow: compensatory damages including, but not limited to, back pay, front pay, benefits of employment, inconvenience, medical bills, mental suffering, loss of enjoyment of life, and humiliation; damages greater than $25,000.00.

54. Defendants BMI and CMI are jointly and severally liable herein.

55. Defendants' wrongful actions also entitle Plaintiff to the following additional relief:
    a. Reinstatement to his former position;
    b. Liquidated damages equal to his actual damages; and
    c. Reasonable attorney's fees and the cost of this action.

## Negligent Infliction of Emotional Distress
## Against Kathy Porter, District Manager

56. All prior allegations in this complaint are realleged herein.

57. The actions of Kathy Porter toward plaintiff, as alleged in this complaint, and in additional ways to be shown at trial, were negligent and in breach of defendants' duties toward plaintiff. Kathy Porter negligently engaged in conduct which was reasonably foreseeable to cause, and which did in fact cause plaintiff to suffer severe emotional distress. The negligence of defendants was willful and wanton.

58. As a direct and proximate result of Kathy Porter's negligent conduct, plaintiff has suffered and will continue to suffer permanent past and future economic and non-economic damages, including but not limited to past and future emotional and physical pain and suffering. The value of such damages is in excess of $25,000.00. Plaintiff is also entitled to punitive damages in excess of $25,000.00.

## Against Defendant, Boyd Management, Inc. (BMI)

59. All prior allegations in this complaint are realleged herein.

60. As alleged above, Defendant BMI's conduct related to Plaintiff was negligent.

61. The negligent conduct did, in fact, cause Plaintiff severe emotional distress.

62. Defendant BMI knew or should have known, and it was reasonably foreseeable that, Kathy Porter's conduct would cause the Plaintiff severe emotional distress.

63. Defendant BMI knew or should have known, and it was reasonable foreseeable that the failure of the employees, administrators and/or agents of Defendant BMI to properly supervise and to intervene and stop the harmful conduct of Kathy Porter when it was or should have been clear that such harmful conduct was occurring would cause the Plaintiff severe emotional distress.

5

64. As a result of Defendant BMI's negligent conduct, Plaintiff has sought professional medical treatment.

65. The acts and/or omissions of Defendant BMI as alleged herein were willful and wanton and exhibit a conscious disregard of and indifference to the rights and safety of Plaintiff and of its duties to him.

66. As a proximate and foreseeable result of the negligence of Defendant Church as alleged herein, Plaintiff endured pain, suffering, mental anguish, and suffered from severe emotional distress and will continue to endure pain, suffering, mental anguish, and suffer from severe emotional distress in the future.

67. As a direct and proximate result of the above-described negligence of Defendant BMI, Plaintiff has suffered and continues to suffer physical, mental and emotional injuries and has incurred and continues to incur medical and other expenses and the Plaintiff has incurred a loss of wages and income and suffered a loss of earning capacity causing her to continue to incur lost earnings in the future and the inability to earn wages at her full potential all damages in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00).

## Punitive

68. All prior allegations in this complaint are realleged herein.

69. Defendants' malicious, willful, and wanton violation of Plaintiff's rights entitle Plaintiff to punitive damages.

70. Defendants' management approved, condoned, and ratified the acts of its agents, servants, and employees; therefore, Defendants are liable for punitive damages.

71. Defendants' willful and wanton acts entitle Plaintiff to punitive damages greater than Twenty-five Thousand Dollars ($25,000.00).

**WHEREFORE, Plaintiff respectfully prays for the following relief:**

1. The Court declare Defendants in violation of the Equal Employment Practices Act.

2. Plaintiff recover compensatory damages for wrongful discharge greater than $25,000.00.

3. Plaintiff recover punitive damages greater than $25,000.00.

4. The Court order Defendants to reinstate Plaintiff to his former position.

5. The Court to retain jurisdiction until Defendants comply with the Court orders, to include requiring the Defendants to file reports necessary to supervise compliance.

6. Plaintiff recover all interest, costs of litigation, including reasonable attorney's fees, under state law.

7. The Court order further just, proper, and necessary relief to afford complete relief to Plaintiff.

8. For trial by jury.

6

This 14th day of April 2022.

TART LAW GROUP, P.A.

Lee L. Tart Malone
NC State Bar No. 34083
Attorneys for Plaintiffs
700 West Broad Street
Dunn, North Carolina 28334
T: (910) 892-5388
F: (910) 892-1337

7

# Exhibit 1B



ELAINE F. MARSHALL
SECRETARY OF STATE

*State of North Carolina*
*Department of the Secretary of State*

May 10, 2022

### CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Boyd Management, Inc.
7700 Trenholm Road
Columbia, SC 29223-1724

Re:  Boyd Management, Inc.
SOS File Number:  S202212600001
Docket Number:  22 CV 000703

Ladies and Gentlemen:

Enclosed please find a Summons and Complaint served on the Secretary of State as statutory agent for service of process for the entity referenced above.

The Service of Process Section of the Department of the Secretary of State on May 6, 2022, received these documents. The Secretary of State is required by law to forward these documents to the entity referenced above. Pursuant to N.C.G.S. §55D-33, "Service on an entity under this subsection is effective for all purposes from and after the date of the service on the Secretary of State."

Sincerely yours,

Samantha Fenn
Service of Process Agent

Enclosure

cc:
Lee L. Tart Malone Esq.
Tart Law Group, P.A.
700 West Broad St
Dunn, NC 28334



**STATE OF NORTH CAROLINA**

RECEIVED MAY 06 2022
N.C. SECRETARY OF STATE

22 CV 000703

File No.

_____ HARNETT _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| *Name Of Plaintiff* | |
|---|---|
| DARRYL D. THOMPSON | **CIVIL SUMMONS** |
| *Address* | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| c/o Lee Tart Malone, Tart Law Group, P.A. | |
| *City, State, Zip* | |
| 700 W. Broad St., Dunn, NC 28334 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)* | *Date Original Summons Issued* |
| BOYD MANAGEMENT, INC. AND | |
| CAHEC MANAGEMENT, INC. | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Boyd Management, Inc. | |
| By and through its Registered Agent | |
| NC Secretary of State | |
| P.O. Box 29622, Raleigh, NC 27626 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| Lee Tart Malone | 4-14-2022 | 4:47 | ☐ AM ☒ PM |
| TART LAW GROUP, P.A. | *Signature* | | |
| 700 West Broad Street | | | |
| Dunn, NC 28334 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | *Date Of Endorsement* | *Time* | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM ☐ PM |
| | *Signature* | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF HARNETT

FILED

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

FILE NO.: _____

2022 APR 14 P 4: 49

HARNETT CO., C.S.C.

BY _____

DARRYL D. THOMPSON, Employee,

Plaintiff

vs.

BOYD MANAGEMENT, INC. and
CAHEC MANAGEMENT, INC.,

Defendants.

**COMPLAINT**

Wrongful Termination of Employment
And Negligent Emotional Distress

Jury Trial Requested

## Introduction

1. Plaintiff, a maintenance technician, alleges that his squamous cell carcinoma of the left tonsil with extension to the nasopharynx rendered him handicapped, and that Defendants terminated his employment because of his condition, thus violating the public policy set out in N.C. Gen. Stat. §143-422.2(1999).

2. Plaintiff seeks damages and other relief under the common law of North Carolina.

## Jurisdiction

3. The North Carolina common law authorizes his wrongful discharge claim.

## Venue

4. Plaintiff's place of employment when discharged was in the City of Dunn, Harnett County, North Carolina.

5. Defendants committed the alleged unlawful employment practices in Harnett County, North Carolina.

## Parties

6. Plaintiff, Darryl D. Thompson, is a resident of Johnston County, North Carolina.

7. Plaintiff was an at-will employee of Defendants, Boyd Management, Inc. and CAHEC Management, Inc.

8. At all times relevant herein, Defendants employed the following persons, all of whom acted within the course and scope of their employment and agency on behalf of Defendants:
   a. Don Messer, District Manager
   b. Wanda Buczkowski, HR Manager
   c. Kathy Porter, District Manager
   d. Royce Bratton, Manager

1

9. Defendants were, during all relevant times herein, engaged in business in Harnett, Johnston, and other counties in the State of North Carolina.

10. At all times relevant hereto, Defendants employed more than fifteen (15) employees.

11. Upon information and belief, Plaintiff alleges that during all relevant times giving rise to this claim the Defendant Boyd Management, Inc. (BMI) was registered as a foreign corporation with the North Carolina Secretary of State (SOSID: 0469184):
    Date formed 8/28/1998; Registered Agent: Wheat, Kenneth;
    Registered Office & Registered Mailing Address: 1005 Georgetown Rd Ext., Lincolnton, NC 28092-7733;
    Principal Office: 7700 Trenholm Road, Columbia, SC 29223-1724;
    Mailing: PO Box 23589, Columbia, SC 29224-3589.

12. Upon information and belief, Plaintiff alleges that during all relevant times giving rise to this claim, the officers of Defendant BMI were as follows:
    President: <u>Kenneth R. Wheat;</u>
    Vice President: <u>Barbara Jaco;</u>
    Vice President/Treasurer: <u>Joseph P. Wilczewski;</u>
    All addresses same as principal office.

13. Upon information and belief, Plaintiff alleges that during some relevant times giving rise to this claim; the Defendant CAHEC Management, Inc. (CMI) is registered as a domestic corporation with the North Carolina Secretary of State (SOSID: 1911596):
    Date formed 10/31/2019; Registered Agent: Boole, Dana S.;
    Mailing, Principal Office, Reg. Office, and Reg. Mailing: 7700 Falls of Neuse Road, Suite 200, Raleigh, NC 27615.

14. Upon information and belief, Plaintiff alleges "BMI was acquired by CAHEC on October 1, 2020 and is now CAHEC Management, Inc. (CMI)."

15. Upon information and belief, Plaintiff alleges that Defendants manage Sand Hill Apartments (Dunn) Harnett County, Four Oaks Village (Four Oaks) Johnston County, Austin Manor (Smithfield) Johnston County, Hillmont Village Apartments (Micro) Johnston County, and multiple other properties throughout North Carolina.

16. Upon information and belief, Plaintiff alleges Defendants caused or allowed internet posting of the following:

    (1) That "Boyd Management will legally change its name to CAHEC Management, Inc., but beyond that, both companies will continue business as usual with no significant operational changes;"

    (2) That "CAHEC Management, Inc. will be locally led by Vice Presidents Babbie Jaco and Joe Wilczewski who – along with their partner Ken Wheat – successfully grew and lead the organization since the mid-1980s," and

    (3) That "@boyd.com" is the email addresses for twenty-seven listed North Carolina BMI/CMI properties.

2

17. Upon consideration of the above posting, and it further appearing that the principals of BMI and CMI are the same, Plaintiff, upon information and belief, alleges BMI and CMI are one and the same entity, or that CMI was doing business as BMI, or the two were engaged in a joint venture, or were *de facto* merged.

## Statement of Facts

18. On or about April 22, 2019, Plaintiff was fired by District Manager Kathy Porter.

19. Plaintiff had been employed as a Maintenance Technician by the Defendants since about April 2016.

20. On or about January 17, 2019, Plaintiff informed his district manager, Don Messer, and HR Manager Wanda Buczkowski of his diagnosis of a serious health condition.

21. On or about January 23, 2019, UNC Rex Hematology Oncology Associates East Raleigh initiated Plaintiff's care for squamous cell carcinoma of the left tonsil with extension to the nasopharynx.

22. On or about January 29, 2019, Plaintiff provided Defendants with documentation from his physician listing the potential side effects of receiving concurrent chemotherapy and radiation treatments, including pain, fatigue, nausea, and other complications.

23. Plaintiff's treatment plan included:

    a. Plaintiff treated with chemoradiation therapy for seven (7) weeks in February and March 2019.

    b. Specifically, he underwent chemoradiation therapy from February 20, 2019 until April 9, 2019.

    c. Plaintiff also received concurrent radiation from February 19, 2019 until April 12, 2019.

    d. Plaintiff was also treated at the Department of Otolaryngology/Head and Neck Surgery UNC Hospitals for complications post initial treatment;

    e. Plaintiff was treated for advanced and recurrent head and neck cancer beginning on or about January 2019 and extending until on or about August 2019.

    f. The treatment the Plaintiff received routinely causes difficulty in eating, and significant fatigue and malaise;

    g. Plaintiff is informed, believes, and alleges the illness and treatment impaired his ability to do his job as well as he did prior to onset of his disability.

24. Defendants were aware of or should have been aware of the handicap or disabling affliction and treatment necessitated thereof outlined in the foregoing paragraphs.

25. Plaintiff timely notified his supervisor that his cancer and treatment would cause significant fatigue, malaise, and difficulty eating.

26. Defendants' management team knew the Plaintiff would experience pain and fatigue following each treatment.

3

27. Defendants knew or should have known that Plaintiff's handicap would require flexibility in scheduling for doctor appointments, treatments, and Plaintiff's rest and recuperation.

28. Defendants' supervisors instructed Plaintiff to do what he could and try to work enough hours to pay for the cost of his insurance.

29. Plaintiff continued to work while receiving chemotherapy and radiation treatments.

30. On or about April 18, 2019, Plaintiff told other technicians about his disability and ongoing medical treatment that he had experienced earlier that day.

31. On or about April 18, 2019, Plaintiff, experiencing fatigue, sat down in the office to regain his strength.

32. Kathy Porter then rushed into the office and demanded to know what he was doing.

33. Kathy Porter also made offensive remarks concerning Plaintiff's disability.

34. Plaintiff continued work on that day (Thursday) and on Friday.

35. The following Monday, April 22, 2019, Plaintiff was directed to attend an afternoon meeting with Kathy Porter and Royce Bratton, a District Manager.

36. On April 22, 2019, at the Monday afternoon meeting, Plaintiff was wrongfully discharged.

37. Upon information and belief, Kathy Porter had previously made unsupported, and unfavorable reports about Plaintiff.

38. Because of the Defendants' actions, the Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, and humiliation.

39. Plaintiff was doing all he could, as instructed by his supervisor, but nevertheless, Defendants terminated his employment.

40. Defendants' turnover in supervising personnel during the relevant period contributed to miscommunication, misunderstanding, and their failure to understand or appreciate the Plaintiff's disability herein referenced.

41. Defendants' unreasonable rejection of Plaintiff's representation of his serious health condition and unreasonable acceptance of misinformation from Defendants' agents and employees caused Defendants' interference and restraint of Plaintiff's rights under EEPA.

## Violation of The N. C. Equal Employment Practices Act

42. All prior allegations in this complaint are realleged herein.

43. Defendants were Plaintiff's employer within the meaning of the Equal Employment Practices Act, N.C. Gen. Stat. §§143-422.1 to 143-422.3 (EEPA).

44. Plaintiff was an eligible employee with a handicap (disability) under the terms of the EEPA.

45. Plaintiff was denied leave under FMLA.

46. Defendants interfered with Plaintiff's protection under the EEPA.

47. The North Carolina Equal Employment Act (and other state statutes) make it illegal for an employer to discriminate based on disability.

4

## Wrongful Discharge (WDPP)

48. All prior allegations in this complaint are realleged herein.

49. Public policy entitles Plaintiff rights under the Equal Employment Practices Act free of Defendants' interference, harassment, and especially free from wrongful discharge.

50. Defendants wrongfully discharged the Plaintiff.

51. Defendants' acts constitute wrongful discharge in violation of public policy.

52. Defendants' acts and omissions entitle Plaintiff reinstatement to his former position.

53. Defendants' acts and omissions entitled Plaintiff to recover from Defendants as follow: compensatory damages including, but not limited to, back pay, front pay, benefits of employment, inconvenience, medical bills, mental suffering, loss of enjoyment of life, and humiliation; damages greater than $25,000.00.

54. Defendants BMI and CMI are jointly and severally liable herein.

55. Defendants' wrongful actions also entitle Plaintiff to the following additional relief:
    a. Reinstatement to his former position;
    b. Liquidated damages equal to his actual damages; and
    c. Reasonable attorney's fees and the cost of this action.

## Negligent Infliction of Emotional Distress
## Against Kathy Porter, District Manager

56. All prior allegations in this complaint are realleged herein.

57. The actions of Kathy Porter toward plaintiff, as alleged in this complaint, and in additional ways to be shown at trial, were negligent and in breach of defendants' duties toward plaintiff. Kathy Porter negligently engaged in conduct which was reasonably foreseeable to cause, and which did in fact cause plaintiff to suffer severe emotional distress. The negligence of defendants was willful and wanton.

58. As a direct and proximate result of Kathy Porter's negligent conduct, plaintiff has suffered and will continue to suffer permanent past and future economic and non-economic damages, including but not limited to past and future emotional and physical pain and suffering. The value of such damages is in excess of $25,000.00. Plaintiff is also entitled to punitive damages in excess of $25,000.00.

## Against Defendant, Boyd Management, Inc. (BMI)

59. All prior allegations in this complaint are realleged herein.

60. As alleged above, Defendant BMI's conduct related to Plaintiff was negligent.

61. The negligent conduct did, in fact, cause Plaintiff severe emotional distress.

62. Defendant BMI knew or should have known, and it was reasonably foreseeable that, Kathy Porter's conduct would cause the Plaintiff severe emotional distress.

63. Defendant BMI knew or should have known, and it was reasonable foreseeable that the failure of the employees, administrators and/or agents of Defendant BMI to properly supervise and to intervene and stop the harmful conduct of Kathy Porter when it was or should have been clear that such harmful conduct was occurring would cause the Plaintiff severe emotional distress.

5

64. As a result of Defendant BMI's negligent conduct, Plaintiff has sought professional medical treatment.
65. The acts and/or omissions of Defendant BMI as alleged herein were willful and wanton and exhibit a conscious disregard of and indifference to the rights and safety of Plaintiff and of its duties to him.
66. As a proximate and foreseeable result of the negligence of Defendant Church as alleged herein, Plaintiff endured pain, suffering, mental anguish, and suffered from severe emotional distress and will continue to endure pain, suffering, mental anguish, and suffer from severe emotional distress in the future.
67. As a direct and proximate result of the above-described negligence of Defendant BMI, Plaintiff has suffered and continues to suffer physical, mental and emotional injuries and has incurred and continues to incur medical and other expenses and the Plaintiff has incurred a loss of wages and income and suffered a loss of earning capacity causing her to continue to incur lost earnings in the future and the inability to earn wages at her full potential all damages in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00).

### Punitive

68. All prior allegations in this complaint are realleged herein.

69. Defendants' malicious, willful, and wanton violation of Plaintiff's rights entitle Plaintiff to punitive damages.

70. Defendants' management approved, condoned, and ratified the acts of its agents, servants, and employees; therefore, Defendants are liable for punitive damages.

71. Defendants' willful and wanton acts entitle Plaintiff to punitive damages greater than Twenty-five Thousand Dollars ($25,000.00).

**WHEREFORE, Plaintiff respectfully prays for the following relief:**

1. The Court declare Defendants in violation of the Equal Employment Practices Act.

2. Plaintiff recover compensatory damages for wrongful discharge greater than $25,000.00.

3. Plaintiff recover punitive damages greater than $25,000.00.

4. The Court order Defendants to reinstate Plaintiff to his former position.

5. The Court to retain jurisdiction until Defendants comply with the Court orders, to include requiring the Defendants to file reports necessary to supervise compliance.

6. Plaintiff recover all interest, costs of litigation, including reasonable attorney's fees, under state law.

7. The Court order further just, proper, and necessary relief to afford complete relief to Plaintiff.

8. For trial by jury.

6

This 14th day of April 2022.

TART LAW GROUP, P.A.

Lee L. Tart Malone
NC State Bar No. 34083
Attorneys for Plaintiffs
700 West Broad Street
Dunn, North Carolina 28334
T: (910) 892-5388
F: (910) 892-1337

7